UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN C. LEE #530085,

       Plaintiff,

v.

DUSTIN KING, et al.,

       Defendants.

_____/

Hon. Robert J. Jonker

Case No. 1:25-cv-373

## REPORT AND RECOMMENDATION

Presently before me is Defendants' Moton for Partial Dismissal for Failure to State a Claim (ECF No. 22), which is fully briefed and ready for decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion be **GRANTED** and that Plaintiff's claims against Defendants in their official capacities and any First, Fourth, and Fourteenth Amendment claims be **dismissed.**

## I.  Background

Plaintiff alleges that on May 6, 2024, while in the Unit 5 small exercise yard at Bellamy Creek Correctional Facility, he saw Defendant Correctional Officers (CO) becoming enraged and verbally assault Prisoner Rice while threatening to "beat" and "break" Rice's "wrist." Rice appeared afraid of the COs and ran away from them towards, and then past, Plaintiff while screaming for help. (ECF No. 1 at PageID.4.) As the COs ran towards Plaintiff, he attempted to "defuse [sic] the situation and prevent an unnecessary beating" by raising his hands "in a posture of surrender," stating. "Please stop, think and be professional about this." (*Id.*)

The COs did not stop, but instead ran past him and "violently took Prisoner Rice to the ground" even though he was not "resisting, nor assaultive." (*Id.*) After observing the COs punching

and kicking Rice, Plaintiff entered the fray by jumping onto the COs in order to prevent them from killing Rice. (*Id.* at PageID.5.) At this point, the COs, including Defendant King, turned on Plaintiff and placed him in a choke hold. Other officers, including Defendant Russell, sprayed chemical spray into Plaintiff's face, nose, and mouth, including a second time when he was not resisting or violating any rules. Plaintiff also alleges that Defendant Ige "field-goal-kicked" Plaintiff directly in his left temple, causing him excruciating pain in his brain, neck, head, and face, and causing him to lose consciousness. (*Id.* at PageID.5–6.)

Plaintiff alleges that Defendants King, Russell, and Ige's use of force was excessive contrary to the Eighth Amendment. He further alleges that Defendants Csernyik and Miller violated his Eighth Amendment rights by failing to intervene to prevent the misuse of force. (*Id.* at PageID.7–9.)

## II.  Motion Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted). As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

### III.  Discussion

Defendants move for partial dismissal of Plaintiff's complaint, including: (1) the official capacity claims; and (2) any claims under the First, Fourth, and Fourteenth Amendments, as Plaintiff's excessive force claims arise solely under the Eighth Amendment. (ECF No. 23 at PageID.88–92.) Plaintiff responds that the motion is improper because the Court screened the complaint and concluded that it stated plausible claims for violation of Plaintiff's constitutional rights. (ECF No. 26 at PageID.102–03; *see also* ECF No. 16 at PageID.67.) The Standard Case Management Order in a Prisoner Civil Rights Case (CMO) (ECF No. 20) entered on November 24, 2025 provides:

> (a) <u>Rule 12(b)(6) Motions</u>. The Court has conducted an initial review of the complaint pursuant to 28 U.S.C. §1915(e), §1915A and 42 U.S.C. § 1997e(c), to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant that is immune from such relief. Upon initial review, the Court concludes that the complaint is not subject to dismissal for any of the reasons listed above. In reaching this conclusion, the court has determined that the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). Accordingly, the Court discourages the filing of motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

(*Id.* at PageID.76.) Plaintiff contends that this provision required Defendants to seek leave from the Court before filing their motion. (ECF No. 26 at PageID.102–03.)

Defendants contend that notwithstanding the CMO's language "discourage[ing]" the filing of motions to dismiss, nothing therein precludes them from doing so. This is correct. As noted in *Anderson v. Huss*, No. 2:21-cv-123, 2023 WL 10682683 (W.D. Mich. Oct. 26, 2023), *report and recommendation affirmed*, 2024 WL 1152270 (W.D. Mich. Mar. 18, 2024), "[n]othing within the CMO stated that the Federal Rules of Civil Procedure did not apply to this case or that a party could not file a motion to dismiss." *Id.* at *6. Thus, Defendants acted properly in filing their motion to dismiss.

### A.    Official Capacity Claims

Defendants contend that Plaintiff's official capacity claims for damages are subject to dismissal because they are barred by the Eleventh Amendment. Plaintiff concedes this issue in his response. (ECF No. 26 at PageID.103.) Therefore, the official capacity claims should be dismissed.

### B.    First, Fourth, and Fourteenth Amendment Claims

Plaintiff alleges at the beginning of his complaint that he brings this action "to remedy the deprivation of rights secured by the United States Constitution's First, Fourth Eighth, and Fourteenth Amendment[s]." (ECF No. 1 at PageID.1.) Defendants contend that, to the extent Plaintiff seeks to assert claims under anything other then the Eighth Amendment, such claims should be dismissed because his only claims—excessive force and failure to intervene—arise solely under the Eighth Amendment. Plaintiff fails to respond at all to these arguments.

It is well established that a plaintiff's failure to respond to an argument in a motion to dismiss constitutes a forfeiture of the claims to which the argument is addressed. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (stating

that failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim"). Thus, Plaintiff has forfeited any response to Defendants' arguments. Notwithstanding Plaintiff's forfeiture, I also conclude that Plaintiff fails to state a claim under the First, Fourth, or Fourteenth Amendments.

Nothing in the complaint suggests that Plaintiff alleges a First Amendment retaliation claim. To do so, he must allege the following elements: (1) he engaged in protected conduct; (2) the defendant took an adverse action against him "that would deter a person of ordinary firmness from continuing to engage in that conduct;" and (3) the adverse action was taken (at least in part) because of the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Plaintiff must allege facts establishing all of the elements of his retaliation claim as to each Defendant. *See Heyne v. Metropolitan Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." (internal quotation marks omitted)). Here, the only conduct that can be deemed protected conduct is Plaintiff's plea to the COs to "stop, think, and be professional about [using force on Prisoner Rice]." (ECF No. 1 at PageID.5.) But the complaint does not allege that Plaintiff's speech had anything to do with Defendants' use of force (the only potential adverse action) on Plaintiff. As Plaintiff admits in his complaint, Defendants employed force *only after* Plaintiff jumped on them, which does not amount to protected conduct. *See Odom v. Smith*, No. 1:08-cv-1181, 2009 WL 125286, at *4 (W.D. Mich. Jan. 16, 2009) ("Assaulting a prison officer clearly is not protected conduct."). Thus, any retaliation claim fails.

5

Next, the Fourth Amendment does not apply to Plaintiff's excessive force claim. Rather, as Plaintiff concedes in his complaint, his excessive force claim as a convicted prisoner is governed by the Eighth Amendment. *See Leary v. Livingston Cnty.*, 528 F.3d 438, 443 (6th Cir. 2008) (observing that "convicted prisoners may bring excessive-force claims under the Eighth Amendment" while "free citizens may bring such claims under the Fourth Amendment" (internal quotation marks and brackets omitted)); *see also Coley v. Lucas Cnty.*, 799 F.3d 530, 537-38 (6th Cir. 2015) (stating that in excessive force cases, the Fourth Amendment applies to force used during an arrest or seizure of a free citizen, while the Eighth Amendment applies to such claims by "convicted prisoners").

Last, nothing in the complaint suggests that Plaintiff intended to plead a separate claim under the Fourteenth Amendment. Indeed, the complaint lacks any basis for any claim arising under that amendment.

## IV.  Conclusion

For the foregoing reasons, I recommend that Defendants' Motion to Dismiss (ECF No. 22) be **granted** and that Plaintiff's official capacity and any First, Fourth, and Fourteenth Amendment claims be dismissed for failure to state a claim.

Dated: February 4, 2026                              /s/ Sally J. Berens
                                                     SALLY J. BERENS
                                                     U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).